NOT FOR PUBLICATION

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

|   |   |   |
|---|---|---|
| DAVID LEWIS, | : | CIV. NO. 19-14270 (RMB-AMD) |
| Plaintiff | : | |
| v. | : | OPINION |
| WILL HERRERIAS, *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff David Lewis, a pretrial detainee confined in the Atlantic County Justice Facility in Mays Landing, New Jersey filed a civil rights complaint on June 26, 2019. (Compl., ECF No. 1.) Plaintiff also applied to proceed *in forma pauperis* (IFP App., ECF No. 1-1), which establishes his financial ability to proceed without prepayment of the filing fee. The Court grants Plaintiff's IFP application.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the complaint without prejudice.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

The defendants to this civil rights action under 42 U.S.C. § 1983 are (1) Will Herrerias and (2) Christopher Smith, both of whom are officers in the Atlantic City Police Department Vice Unit; (3) the Atlantic City Police Department; and (4) the Special Investigation Unit of the Atlantic City Police Department.

3

(Compl., ¶3(B)). Plaintiff alleges the following facts in support of his complaint. On March 15, 2018, Plaintiff was illegally stopped in a McDonald's parking lot in Atlantic City, New Jersey by Defendant Herrerias. (Id., ¶1.) Plaintiff was riding in a car that was stopped for traffic violations and he was not given a citation. (Id., ¶IV.) Herrerias falsified his reports to support Plaintiff's arrest. (Id.) Defendant Smith assisted Herrerias in the illegal stop and supported the claims in the false police reports. (Id., ¶2.)

The Atlantic City Police Department has been made aware of the illegal stop and arrest and have not taken any action. (Id., ¶3.) "The special investigation section is made up of undercover officers who falsify reports and change the circumstances of arrest to violate the Fourth Amendment Rights of the plaintiff being charged." (Id., ¶4.) For relief, Plaintiff seeks money damages and the firing of the defendant officers. (Id., ¶5.)

B. Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

4

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

    1.  <u>A Police Department and a Unit Within a Police Department are not proper parties to a § 1983 action</u>

A police department, and similarly a unit within a police department, are not proper parties to a § 1983 action because they are merely sub-units of government that are not distinct from the municipality of which they are a part. <u>Jackson v. City of Erie Police Dept.</u>, 570 F. App'x 112, 114 n.2 (3d Cir. 2014). If Plaintiff can allege facts showing an official policy of the city was responsible for the constitutional violation or that the constitutional violation was the product of a government custom, even if the custom did not receive formal approval through official decision-making channels, then city is a proper defendant under § 1983. <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 691 (1978). The Court will dismiss the claims against

the Atlantic City Police Department and the Special Investigation Unit with prejudice. This does not preclude Plaintiff from bringing a claim against the city, if he can allege sufficient facts to establish a Monell claim.

> 2. Fourth Amendment False Arrest and False Imprisonment

"The proper inquiry in a section 1983 claim based on false arrest … is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988); accord Anderson v. Perez, 677 F. App'x 49, 51-52 (3d Cir. 2017). "If the face of a warrant contains probable cause, a Section 1983 plaintiff may still prevail if the officer, in swearing out the affidavit, acted with reckless disregard for the truth of matters that were material to the finding of probable cause." Anderson, 677 F. App'x at 52 (quoting Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016)).

The allegations that Plaintiff was in a car that was stopped for a traffic violation and Plaintiff was not given a citation are insufficient to allege the stop was illegal. See U.S. v. Fleetwood, 235 F. App'x 892, 897 (3d Cir. 2007) (quoting United States v. Delfin-Colina, 464 F.3d 392, 399 (3d Cir. 2006) ("so long as an

officer can identify a statute that he believed to be violated and provide specific facts that 'support an objective determination of whether any officer could have possessed reasonable suspicion of the alleged infraction' a subsequent stop is justified."))

Further, Plaintiff has not cited any facts in support of his claim that the reasons for his arrest given by Herrerias and Smith were false or that they otherwise lacked probable cause to arrest. It is not clear from the complaint how or when the criminal proceeding was resolved. In sum, Plaintiff has not pled sufficient facts to state a Fourth Amendment claim for false arrest and false imprisonment.

III. CONCLUSION

For the reasons stated above, the Court dismisses the claims against the Atlantic City Police Department and the Special Investigation Unit with prejudice. The remainder of the complaint is dismissed without prejudice.

An appropriate order follows.


DATE: September 20, 2019     s/Renée Marie Bumb
                             **RENÉE MARIE BUMB**
                             **United States District Judge**